# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ANGELA RUSSELL, )
)
    Petitioner, )
)
v. ) **Case No. CIV 05-042-FHS**
)
MILLICENT NEWTON-EMBRY, )
)
    Respondent. )

## OPINION AND ORDER

This matter is before the court on Petitioner's Petition for a Writ of Habeas Corpus. Respondent has filed a response arguing Petitioner is not entitled to relief. Petitioner is an inmate currently incarcerated at Mabel Bassett Correctional Center. She challenges the execution of her sentence pursuant to 28 U.S.C. § 2254. She is serving a life sentence in Coal County District Court Case No. CF-01-80 for the crime of First Degree Murder.

Petitioner has submitted the following grounds for relief:

> the trial court denied her due process rights in failing to give her requested instructions on the affirmative defense of self-defense; she also argues she is entitled to relief because the competency jury trial was constitutionally flawed because the trial court improperly apportioned the burden of proof; and finally, Petitioner argues Petitioner's Sixth and Fourteenth Amendment rights were violated when the trial court compelled her to go to court while she was involuntarily medicated with psychotropic drugs.

Respondent argues Petitioner's challenge to lack of jury instructions on self-defense is a matter of state law and is not subject to federal habeas review. Respondent also argues the decision of the Oklahoma Court of Criminal Appeals, that the trial

1

court did not err when it instructed the jury that the Petitioner was presumed competent, was not contrary to or an unreasonable application of Supreme Court precedent. Finally, the Respondent argues the finding of fact by the Oklahoma Court of Criminal Appeals that the Petitioner was voluntarily taking medication at the times in question was not unreasonable under the evidence.

Respondent has submitted the following records to the court for consideration in this matter:

a. Petitioner's direct appeal brief filed October 23, 2003.

b. The State's brief in Petitioner's Direct Appeal filed December 23, 2003.

c. Summary Opinion in <u>Angela Russell v. State of Oklahoma</u>, F-2003-272 (Okla. Crim. App. April 7, 2004).

d. State Court transcripts from Coal County, Case No. CF-2001-80 Volumes I & II, January 22 and January 23, 2003; Transcript of objection to proceeding to preliminary hearing November 14, 2003; Transcript on writ of habeas corpus, July 15, 2002; transcript of second competency hearing, June 4, 2002; and Volumes I-III of the Original record.

## Facts

Petitioner was charged in Coal County Case no. CF-2001-80 with first degree malice aforethought murder in the death of Keith Harkins. Shortly after being charged, Petitioner filed, through counsel, motions for a competency evaluation and for a mental health and/or sanity hearing. (O.R. 6, 9-10) A competency hearing was ordered by the court. (O.R. 7) Following a competency evaluation the court found Petitioner to be incompetent to stand trial and directed that she be transported to Eastern State Hospital for treatment. (O.R. 25-28). An initial report from Eastern State Hospital found Petitioner to suffer from paranoid

2

schizophrenia, a history of methamphetamine abuse, panic disorder, post-traumatic stress disorder, and borderline personality disorder. She was placed on a variety of medications. (O.R. 92). Petitioner received treatment for an extended period of time. Subsequently, a report was sent from Eastern State Hospital to the Court. The report stated that in the opinion of the examiner petitioner was now competent to stand trial. After receiving the report the state filed a request for a post-examination competency hearing. (O.R. 30, 93-98) A post-examination jury trial was conducted on June 4, 2002. The jury was instructed that Petitioner had the burden of proof to show she was incompetent even though there had been an earlier determination by the court she was incompetent to stand trial. Petitioner filed written objections to the jury instructions arguing it was improper to place the burden of proof on her to show that she was presently incompetent, since she had previously been adjudicated incompetent by the court. (O.R. 58-59) The court found the Petitioner retained the burden to prove her incompetence even though she had previously been adjudicated incompetent by the court. The jury was instructed accordingly. The jury found Petitioner competent to stand trial. (O.R. 57, 73).

Following the competency jury trial, Petitioner filed in the Coal County District Court a petition for a writ of habeas corpus or alternatively for a writ of mandamus or alternatively for a writ of prohibition. (O.R. 109-219) Among the issues raised was whether or not the court, in the competency jury trial had committed constitutional error by allocating the burden of proof to Petitioner who stood judicially adjudicated as incompetent at the time of the competency jury trial. (O.R. 135-144) After staying the proceedings to consider the issues raised (O.R. 220-225) the District Court denied relief by minute order and a written judgment. (O.R. 226, 238)

3

Petitioner appealed the District Court's denial of relief to the Oklahoma Court of Criminal Appeals. (O.R. 227-237) Petitioner's application to assume original jurisdiction and petition, alternatively, for writs of habeas corpus, mandamus or prohibition were filed on August 13, 2002 in Case No. H.C.-2002-913. These pleadings again raised the issue of whether the trial court had properly allocated the burden of proof at the competency jury trial. (O.R. 334, 370-81). On October 15, 2002, the Court of Criminal Appeals declined to assume original jurisdiction on Petitioner's application for extraordinary relief.

On July 22, 2002, Petitioner, through counsel, filed a motion in the trial court to suspend her medication because it rendered her "stoned" and unable to communicate with and assist counsel. Petitioner signed a written statement that she no longer wanted to be on medication. (O.R. 396) By minute order on August 15, 2002, and written order on August 16, 2002, Judge Branham ordered that Petitioner was competent to refuse further medication, but stated that medication would be suspended as soon as possible under medical supervision. (O.R. 397, 398)

On October 23, 2002, Petitioner objected to proceeding to preliminary hearing because: 1) she was currently incompetent because, among other things, the burden of proof was not properly allocated to the state to demonstrate competence; 2) she was being involuntarily medicated at the competency trial, was "stoned" and not in her natural state of mind, and that this condition violated her liberty interests; and 3) although the court ordered that medication be suspended, sixty days was necessary for the effects of the medication to dissipate and by the time of the preliminary hearing, a sufficient time would not have elapsed for the effect of the drugs to vanish. (O.R. 431-434) By minute order, preliminary hearing was set for November 18, 2002. The objection to proceeding

4

to preliminary hearing was overruled on November 14, 2002. (O.R. 442) Petitioner was bound over for trial at the conclusion of the preliminary hearing on November 18, 2002. (O.R. 455) Petitioner later moved that the bind-over be set aside and the preliminary hearing he held for naught because she had been found competent at a constitutionally inadequate competency trial. (O.R. 511-12) This motion was denied. (O.R. 531)

Petitioner filed a motion for second competency hearing on October 31, 2002. In addition to alleging that Petitioner was presently incompetent, it was again urged that the competency jury trial was constitutionally flawed due to the mis-allocation of the burden of proof, and that Petitioner was denied her rights because she was under the influence of medication at the time of the post-competency trial. (O.R. 439-440) The request for a second competency proceeding was denied. (O.R. 442, 531)

On November 22, 2002, Petitioner filed an objection to proceeding to trial. The motion alleged Petitioner was incompetent, did not receive a constitutionally adequate post-competency trial, and that she was laboring under the adverse effects of numerous, involuntarily taken medication at the time of the competency trial. Additionally, Petitioner renewed her request to be taken off all psychotropic drugs. The motion alleged that although the court had previously ordered medication suspended, Petitioner was taking Xanax as well as other drugs. The motion noted that the medication had not been suspended as ordered, and that since her return from Eastern State Hospital, Petitioner had been placed on numerous mind-altering drugs and was taking 17 pills per day. (O.R. 470-474) A court minute order dated January 6, 2003, ruling on various pretrial motions overruled the objection to proceeding to trial. (O.R. 531)

Jury trial was held on January 22-23.  Petitioner raised the alternative defense of self-defense and insanity.  At trial Petitioner testified that she involuntarily shot the gun. (Tr. II 34)  She testified the firing of the gun was an accident. (Tr. II 34)  In fact, she testified the shooting was not self defense. (Tr. II 34)Because of this testimony, the jury was not instructed on the issue of self defense.  The court found the evidence in the record did not support such an instruction.  Petitioner was convicted as charged of first degree murder and sentenced to life imprisonment. (O.R. 559) Petitioner was sentenced according to the jury's verdict on March 13, 2003.  (O.R. 589)

Petitioner took an appeal to the Oklahoma Court of Criminal Appeals.  Three issues, each of which is raised in this petition for writ of habeas corpus, were addressed on direct appeals. Petitioner's conviction was affirmed by the Oklahoma Court of Criminal Appeals.  The majority held that since Petitioner testified the shooting was an accident, and allegedly did not testify that she feared imminent death or great bodily harm, there was no evidence to support self-defense or manslaughter instructions.  The majority ruled that because Petitioner's competency trial was in the nature of a "restoration to competency" proceeding, the burden of proof to demonstrate incompetence was appropriately placed on Petitioner, despite the earlier judicial determination.  The Court of Criminal Appeals dismissed the medication claim stating it had no merit.

Petitioner did not file a petition for rehearing with the Court of Criminal Appeals. She did not file a petition for writ of certiorari with the United States Supreme Court. Petitioner filed this habeas corpus petition on January 24, 2005.

## I. Self-Defense Jury Instructions

In her petition for habeas relief Petitioner argues she was denied due process when the trial court denied her request for a jury instruction on self-defense. The trial court found, as did the Oklahoma Court of Criminal Appeals, that the evidence at trial did not support such an instruction. State law can violate the Constitution if it deprives a defendant of a trial that is fundamentally fair. An alleged error in jury instructions is reviewable, in the context of the entire trial, only for the denial of fundamental fairness and due process. Foster v. Ward, 182 F.3d 1177, 1193-94 (10th Cir. 1999) and Henderson v. Kibbe, 431 U.S. 145, 156-57 (1977). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241 and Rose v. Hodges, 423 U.S. 19, 21 (1995) (per curium)). "Habeas corpus is a civil proceeding and the burden is upon the petitioner to show by a preponderance of the evidence that he is entitled to relief." Beeler v. Crouse, 332 F.2d 783, 783 (10th Cir. 1964) (citing Teague v. Looney, 268 F.2d 506 (10th Cir. 1959)). Here, the court finds petitioner has failed to present an argument supporting federal habeas relief.

In James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000) the Tenth Circuit Court of Appeals held that issues regarding jury instructions are a matter of state law. The court stated "A federal court may not issue the writ of habeas corpus on the basis of perceived error of state law, absent a determination that the state law violation rendered the trial fundamentally unfair." Id. at 555. In that case, defendant had requested a specific jury instruction. The Tenth Circuit Court of Appeals found the evidence did not support the instruction and therefore it was not fundamentally unfair for the trial court to decide the instruction was

7

unwarranted. Oklahoma law provides that when the record reveals no evidence of self-defense, the trial court is not bound to instruct the jury regarding that defense

In the case at bar, defendant testified that the gun accidentally fired. She testified that she did not intentionally fire the pistol. (Tr. II 34) She actually testified the shooting was not self-defense. (Tr. II 34) The Oklahoma Court of Criminal Appeals has specifically held that where the defendant's defense is that the death was an accident, giving the jury a self-defense instruction would be erroneous. <u>Holloway v. State</u>, 550 P.2d 1352, 1355 (Okla. Crim. App. 1976). Thus, since the Petitioner testified that the gun's discharge was an accident rather than an intentional action taken to protect herself no self-defense instruction was warranted in this case. Thus, the denial of this instruction was not fundamentally unfair or a denial of due process. <u>James</u> at 555. After a review of the record, the court finds the trial court had grounds to refuse to issue a self-defense instruction because there was no support for it in the record. This court finds the denial of the jury instruction regarding self-defense did not deprive the defendant of a fair trial and did not represent a denial of due process. Accordingly, this ground for relief is denied.

## II. <u>Burden of Proof at the Competency trial.</u>

Petitioner argues the trial court erred when it instructed the jury in her competency trial that the Petitioner bore the burden of proof. She alleges the state should have had the burden since she had already been adjudicated incompetent. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle v.</u>

8

McGuire, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1995) (per curium)). Habeas relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

State court decisions which are not "contrary to" clearly established Supreme Court law can be subjected to federal habeas relief only if they are not merely erroneous, but "an unreasonable application" of clearly established federal law, or based on "an unreasonable determination of facts." Early v. Packer, 537 U.S. 3, 7-8 (2002). The decision of the State court in this case was not contrary to, or an unreasonable application of, federal law or an unreasonable determination of facts.

In the case at bar, rather than simply finding the Petitioner incompetent to stand trial, the trial court found that the Petitioner was presently incompetent, but was "capable of achieving competence with a reasonable period of time with treatment, therapy, or training." (O.R. I 26). Thus, it appears the court expected the Petitioner to regain competency in the near future.

In Oklahoma a defendant is presumed competent and bears the burden of proving incompetence at the post-examination competency hearing. Allen v. State, 956 P.2d 918, 919 (Okla. Crim. App. 1998) and 22 O.S.A Sec. 1175.4 The presumption may be overcome by a preponderance of the evidence. If a defendant is found to be "incompetent, but capable of achieving competence with treatment, therapy, or training, the court is to commit the person and 'order

9

such person to achieve competence.'" 22 O.S. Sec. 1175.6 (A)(2) & 1175.7 (A). If following such treatment, therapy, or training, the medical supervisor responsible for the previously adjudicated incompetent defendant "reports that the person appears to have achieved competency" the court is to hold another competency hearing to determine if the defendant is competent to stand trial. 22 O.S. Sec. 1175.8. The Oklahoma Court of Criminal Appeals has held that a hearing conducted under the auspices of Section 1175.8 is the equivalent of a section 1175.4 post-examination competency hearing. Lillard v. State, 852 P.2d 756, 757 (Okla. Crim. App. 1993).

Petitioner argues it was improper for the trial court to instruct the jury in her second competency hearing that she was presumed competent. She alleges the state bore the burden of proving her incompetence. She bases her complaint on the fact that she was previously found incompetent to stand trial. (O.R. 26-27) Such a previous judicial determination Petitioner argues would necessarily place the burden of proof on the State to prove she was competent in a subsequent hearing. Further, Petitioner also relies on the lack of specific language allocating the burden of proof in the "resumption of competency" statute to support her claim that the burden shifted to the State once the trial court initially found her to be incompetent.

Section 1175.8 provides that when a person previously determined to be incompetent "appears to have achieved competency...the trial court shall hold another competency hearing to determine if the person had achieved competency." 22 O.S. Sec. 1175.8. In relation to the Petitioner's claim, the language "another competency hearing" must be interpreted to determine if the section provides for a shift of the burden from the defendant to the State. On appeal in this case, the Oklahoma Court of Criminal Appeals made a ruling which found that under Oklahoma law the

10

defendant has the burden of proof in a "restoration to competency hearing" such as the one Petitioner was subjected to in this case. The Oklahoma Court of Criminal Appeals interpreted a state statute and found that a "restoration to competency hearing" was equivalent to a post-examination hearing where the defendant has the burden of proof. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1995) (per curium)). It is well settled under the AEDPA that a federal habeas court is bound by a state court's interpretation of its own laws. Hawkins v. Mullin, 291 F.3d 658, 662-663 (10th Cir. 2002). Accordingly, the decision of the State court in this case was not contrary to, or an unreasonable application of, federal law. Thus, this court is bound by the state's determination if its own laws. Petitioner is not entitled to habeas relief on this ground.

### III. Petitioners Use of Medication

Petitioner has alleged in her final proposition of error that she was forced to take "mind altering psychotropic drugs" before preliminary hearing and trial in violation of her rights under the Fourteenth Amendment. The court has reviewed the record before it and finds that the Petitioner voluntarily took the medications. Accordingly this court finds no merit in this ground of review.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is, in all respects, **DISMISSED**.

11

**IT IS SO ORDERED** this 8th day of November 2006.

*Frank H. Seay*
Frank H. Seay
United States District Judge
Eastern District of Oklahoma